# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

DONTE GARRETT,

          Petitioner,

v.                                   CIVIL ACTION NO. 2:15-cv-02672

MARVIN C. PLUMLEY,

          Respondent.

## MEMORANDUM OPINION AND ORDER

This action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636. On September 9, 2015, Judge Eifert submitted her Proposed Findings and Recommendations [ECF No. 15] ("PF&R") and recommended that the court **GRANT** the respondent's Motion to Dismiss the Petition as Untimely [ECF No. 10], **DENY** the petitioner's Motion for Appointment of Counsel [ECF No. 3], **DENY** the petitioner's Petition for a Writ of Habeas Corpus [ECF No. 2] pursuant to 28 U.S.C. § 2254, and **DISMISS** the case. Neither party filed objections to the PF&R.

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Because the parties have not filed objections in this case, the court accepts and incorporates herein the PF&R and orders judgment consistent therewith.

The court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is a substantial showing of the denial of a constitutional right. *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 – 84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The court **GRANTS** the respondent's Motion to Dismiss the Petition as Untimely [ECF No. 10], **DENIES** the petitioner's Motion for Appointment of Counsel [ECF No. 3], **DENIES** the petitioner's Petition for a Writ of Habeas Corpus [ECF No. 2], **DISMISSES** the case, and **DIRECTS** this action be removed from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 18, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE